IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO FREEMAN,<br><br>                                          **Plaintiff,**<br><br>     v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, an Illinois Public Corporation, THE UNIVERSITY OF ILLINOIS AT CHICAGO, a branch of the University of Illinois, THE UNIVERSITY OF ILLINOIS AT CHICAGO POLICE DEPARTMENT, UIC POLICE OFFICER DANIEL LUBIN, Individually and as agent of THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, THE UNIVERSITY OF ILLINOIS AT CHICAGO, and THE UNIVERSITY OF ILLINOIS AT CHICAGO POLICE DEPARTMENT, AGB INVESTIGATIVE SERVICES, INC., an Illinois Corporation, RICHARD McSWAIN, individually and as agent of AGB INVESTIGATIVE SERVICES, INC., and MYLESON COLLINS, individually and as agent of AGB INVESTIGATIVE SERVICES, INC.,<br><br>                                          **Defendants.** | Court No.<br><br>**<u>Jury Trial Demanded</u>** |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, Mario Freeman, by and through his attorneys, SALVATO & O'TOOLE, and complaining of the Defendants, The Board of Trustees of the University of Illinois (hereinafter "Board"), The University of Illinois at Chicago (hereinafter "UIC"), University of Illinois at Chicago Police Department (hereinafter "UIC Police"), UIC Police Officer Daniel F. Lubin (hereinafter "Officer Lubin"), individually and as agent of the Board, UIC, and UIC Police, AGB INVESTIGATIVE

SERVICES, INC. (hereinafter "AGB"), Richard McSwain (hereinafter "Guard McSwain") individually, and as agent of AGB, and Myelson Collins (hereinafter "Guard Collins"), individually and as agent of AGB, alleges and states as follows:

## JURISDICTION AND VENUE

1. This action is being brought pursuant to the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendment to the United States Constitution and under the federal law, particularly Title 42 of the United States Code Section 1983 and the laws of the State of Illinois, to redress depravations of the civil rights of the Plaintiff, Mario Freeman, accomplished by acts of the Defendants committed under color of law.

2. This court has jurisdiction of this action pursuant to 28 USC §1343 and 28 USC §1367.

3. Venue is proper in this district pursuant to 28 USC §1391(b) because the claims asserted herein arose in this judicial district.

## THE PARTIES

4. The Plaintiff, Mario Freeman, is a citizen of the United States of America and a resident of Cook County, State of Illinois.

5. The Board is an Illinois Public Corporation, duly organized and existing under the laws of the State of Illinois.

6. UIC is a branch of the Board, and the University of Illinois, and is duly organized and existing under the laws of the State of Illinois.

7. UIC Police was at all relevant times, agents of Board and of UIC.

8. Officer Lubin was at all relevant times, a duly sworn police officer employed by the UIC Police. At all relevant times, he acted under color of law and within the scope of his employment.

9. At all relevant times, the Board and UIC vested the UIC Police, and its officers, with police authority, and UIC Police officers engaged in the conduct complained of under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, City of Chicago, and County of Cook.

10. UIC Police is responsible for the hiring and training, firing and disciplining of police officers.

11. AGB is an Illinois Corporation, duly organized and existing under the laws of the State of Illinois.

12. Security guards McSwain and Collins were at all relevant times, duly sworn security guards employed by ABG. At all relevant times, ABG was responsible for the hiring and training, firing and disciplining of its security guards.

## FACTUAL ALLEGATIONS

13. On or about March 5, 2016, and/or March 6, 2016, the Plaintiff was leaving a restaurant commonly known as Bar Louie, after an argument with family members. Plaintiff began walking in a southerly direction along and upon Halsted Street with the intention of going home. The Plaintiff pleads in the alternative.

14. Officer Lubin arrived on the scene responding to calls of a fight outside the aforementioned restaurant. As Officer Lubin arrived on scene, he observed the Plaintiff walking in southerly direction along Halsted Street, approximately half a block away from the aforementioned restaurant.

15. Officer Lubin ran after the Plaintiff and requested him to remain on scene to be investigated. The Plaintiff fully complied and remained at the scene.

16. As Officer Lubin approached, the Plaintiff raised his arms into the air in an attempt to comply with Officer Lubin's orders.

17. At that point, Officer Lubin grabbed the Plaintiff's arm and neck in an attempt to place him under arrest.

18. Immediately thereafter, two of ABG's security guards, Guard McSwain and Guard Collins, arrived on scene and assisted Officer Lubin in his attempt to place the Plaintiff under arrest.

19. Despite Plaintiff's compliance, Officer Lubin, Guard McSwain, and Guard Collins threw the Plaintiff to the ground, and while the Plaintiff was restrained on the ground, he was repeatedly struck, punched, kneed, and stepped on.

20. The Plaintiff was subsequently arrested for disorderly conduct and obstructing a peace officer.

21. The Board, UIC, and the UIC Police are responsible for the policies, procedures, customs and practices of UIC Police officers, and are ratified by the Board and the University of Illinois at Chicago.

22. AGB is responsible for the policies, procedures, and practices of its security guards.

23. The extreme and outrageous force used by Officer Lubin, Guard Collins, and Guard McSwain was patently excessive and unreasonable.

24. As a result of the excessive and reasonable forced used by the Defendants, the Plaintiff was physically and mentally injured. He will continue to suffer such harm in the future.

### COUNT I - 42 U.S.C. § 1983 – Excessive Force—As to Board, UIC, UIC Police, and Officer Lubin

25. Paragraphs 1-24 are hereby incorporated by reference as if fully set forth herein.

26. That at all material times to the complaint, the Defendant, Officer Lubin was acting as agent of the Board, UIC, and UIC Police, under color of law, and within his scope of employment.

27. The actions of Defendant, Officer Lubin, in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in his person, papers, and effects against unreasonable searches and seizures and hence violated 42 U.S.C. § 1983.

28. As a proximate cause of the aforementioned actions by Defendants, the Plaintiff suffered a loss of freedom, bodily injury, pain and suffering, and emotional damage.

WHEREFORE, the Plaintiff prays for judgment against all the Defendants jointly and severally, and that he be awarded for compensatory and punitive damages against all defendants, attorney's fees, costs, and all other relief the Court deems appropriate or just. The Plaintiff requests a trial by jury.

5

## COUNT II – ASSAULT and BATTERY—As to Board, UIC, UIC Police, and Officer Lubin

29. Paragraphs 1-24 are hereby incorporated by reference as if fully set forth herein.

30. That at the time and place aforesaid, the Defendant, Officer Lubin, individually, and acting as an agent of the Board, UIC, and UIC Police, was then and there guilty of more of the following wrongful acts and/or omissions:

   a. Deliberately, willfully, intentionally, maliciously, and wantonly, without provocation, assaulted the Plaintiff;

   b. Deliberately, willfully, intentionally, maliciously, and wantonly, without provocation, grabbed, struck, kneed, and threw the Plaintiff to the ground;

   c. That the deliberate, willful, intentional, malicious, and wanton acts of assault and battery caused unpermitted physical contact with the Plaintiff's person.

31. The Plaintiff succumbed to the aforesaid acts but did not consent to such acts being committed against his person.

32. The conduct described above is a known practice, policy and custom of the Defendants.

33. As a proximate result of the Defendants' conduct, the Plaintiff suffered physical injury, pain and suffering, mental anguish, fear, anxiety, humiliation, emotional distress, embarrassment and loss of liberty and freedom. He will continue to suffer such harm in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, and that he be awarded compensatory and punitive damages, attorney's fees and costs and all other relief the Court deems appropriate or just. The Plaintiff requests a trial by jury.

## **COUNT III – ASSAULT and BATTERY—As to AGB, McSwain, and Collins**

34. Paragraphs 1-24 are hereby incorporated by reference as if fully set forth herein.

35. That, at the time and place aforesaid, the Defendants, Guard McSwain and Guard Collins, individually and acting as agents of AGB, was then and there guilty of more of the following wrongful acts and/or omissions:

   a. Deliberately, willfully, intentionally, maliciously, and wantonly, without provocation, assaulted the Plaintiff;

   b. Deliberately, willfully, intentionally, maliciously, and wantonly, without provocation, grabbed, struck, kneed, and threw the Plaintiff to the ground;

   c. That the deliberate, willful, intentional, malicious, and wanton acts of assault and battery caused unpermitted physical contact with the Plaintiff's person.

36. The Plaintiff succumbed to the aforesaid acts but did not consent to such acts being committed against his person.

37. The conduct described above is a known practice, policy, and custom of the Defendants.

38. As a proximate result of Defendants' conduct, the Plaintiff suffered physical injury, pain and suffering, mental anguish, fear, anxiety, humiliation, emotional distress, embarrassment, and loss of liberty and freedom. He will continue to suffer such harm in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, and be awarded compensatory and punitive damages, attorney's fees and costs

and all other relief the Court deems appropriate or just. The Plaintiff requests a trial by jury.

Respectfully submitted,
Salvato & O'Toole

_____
BY: Paul G. O'Toole
Attorney for Plaintiff

**Salvato & O'Toole**
53 W. Jackson Blvd.
Suite 1750
Chicago, IL 60604
ARDC No.: 6202802