IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-CV-01776 |
| | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | Judge Samuel Der-Yeghiayan |
| UNIVERSITY OF ILLINOIS, an Illinois | ) | |
| Public Corporation, THE UNIVERSITY | ) | |
| OF ILLINOIS AT CHICAGO, a branch | ) | |
| of the University of Illinois, THE | ) | |
| UNIVERSITY OF ILLINOIS AT | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| UIC POLICE OFFICER DANIEL LUBIN, | ) | |
| Individually and as agent of THE BOARD | ) | |
| OF TRUSTEES OF THE UNIVERSITY | ) | |
| OF ILLINOIS AT CHICAGO, and THE | ) | |
| UNIVERSITY OF ILLINOIS AT | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| AGB INVESTIGATIVE SERVICES, INC., | ) | |
| an Illinois Corporation, RICHARD | ) | |
| McSWAIN, individually and as agent of | ) | |
| AGB INVESTIGATIVE SERVICES, INC., | ) | |
| and MYLESON COLLINS, individually | ) | |
| and as agent of AGB INVESTIGATIVE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, an Illinois Public Corporation, THE UNIVERSITY OF ILLINOIS AT CHICAGO, a branch of the University of Illinois, THE UNIVERSITY OF ILLINOIS AT CHICAGO POLICE DEPARTMENT, UIC POLICE OFFICER DANIEL LUBIN, Individually and as agent of THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO, and THE UNIVERSITY OF ILLINOIS AT CHICAGO POLICE DEPARTMENT MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(b)(1)**

Defendants, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS (the "Board"), THE UNIVERSITY OF ILLINOIS AT CHICAGO ("UIC'), THE UNIVERSITY OF ILLINOIS AT CHICAGO POLICE DEPARTMENT ("UIC Police"), UIC POLICE OFFICER DANIEL LUBIN ("Officer Lubin"), individually and as agent of the Board and UIC Police, collectively referred to herein as the "Defendants", by their attorneys, Grant Law, LLC, through Maurice Grant and Carlos Carabajal, hereby respectfully submit their memorandum in support of their Motion to Dismiss Plaintiff's First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").

## I.   INTRODUCTION

On March 6, 2017, Plaintiff filed a three (3) count Complaint. *See* Complaint, Docket No. 1. Plaintiff then filed a three (3) count First Amended Complaint on June 7, 2017 after this Court granted Plaintiff's oral request for leave to file an amended complaint. *See* First Amended Complaint, Docket No. 30; *see also* the May 24, 2017, Notification of Docket Entry, Docket No. 28. Only Counts I and II contain allegations against Defendants. First Amended Complaint, Docket No. 30. Plaintiff's claims include the following causes of actions: (1) excessive force in violation of 42 U.S.C. § 1983 against the Board, UIC, UIC Police, and Officer Lubin, individually and as agent of the Board; (2) a state law claim for assault and battery against the Board, UIC, UIC Police, and Officer Lubin, individually and as agent of the Board; and (3) a state law claim for assault and battery against the other named Defendants AGB Investigative Services, Inc., Richard McSwain, and Myleson Collins. *Id*.

Within these counts, Plaintiff generally alleges the following: (1) that the Board is an Illinois Public Corporation, duly organized and existing under the laws of the State of Illinois (First Amended Complaint, ¶ 5); (2) "On the night in question," Officer Lubin "was a duly

appointed and sworn UIC Police officer, and was "acting in the course and scope of his employment, under color of state law, ordinance and/or regulation" (First Amended Complaint, ¶¶ 8); (3) that at all times relevant, the Board and UIC vested the UIC Police and its officers with police authority (First Amended Complaint ¶ 10); (4) UIC police officers engaged in the conduct complained of under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, City of Chicago, and County of Cook (First Amended Complaint, ¶ 10); and (5) Plaintiff seeks to hold the Board, UIC, and UIC Police liable for Defendant Officer Lubin's actions under *respondeat superior* (First Amended Complaint, Docket No. 30).

Plaintiff further alleges that "the force used by Officer Lubin …was outside the scope of his authority." First Amended Complaint, ¶ 23. However, Plaintiff fails to allege when "the force used by Officer Lubin … was outside the scope of his authority." Also, as mentioned above, Plaintiff alleges that Officer Lubin was acting in the course and scope of employment "on the night in question." First Amended Complaint, ¶ 8. Plaintiff also seeks compensatory and punitive damages, and costs, from each Defendant. First Amended Complaint, Docket No. 30.

Even though Plaintiff names UIC and UIC Police as defendants in his First Amended Complaint, UIC and UIC Police are not legal entities that can be sued and they are part of the University of Illinois.[1] The University of Illinois is a public body corporate and politic of the State of Illinois and its formal name is The Board of Trustees of the University of Illinois. 110 ILCS 305/1.

## II. ARGUMENT

### A. The Standard for a Motion to Dismiss pursuant to Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) provides that a court cannot hear an action when the court lacks subject-matter jurisdiction over the claims. In deciding a motion to dismiss, the

---

[1] The appropriate party is The Board of Trustees of the University of Illinois.

3

court must take as true all allegations of the complaint, along with all reasonable inferences from the allegations. *Harvis v. Bd. of Trustees of University of Illinois*, 744 F. Supp. 825, 826 (N.D. Ill. 1990). State and federal courts in Illinois do not have jurisdiction over tort claims against the State of Illinois and its instrumentalities under the Eleventh Amendment to the United States Constitution and under the doctrine of sovereign immunity. *See* U.S. Const. amend. XI; 745 ILCS 5/1; 705 ILCS 505/8(d). Courts routinely grant motions to dismiss when plaintiffs attempt to assert tort claims against the State of Illinois through the State's employees and instrumentalities. *Cannon v. University of Health Sciences*, 710 F.2d 351, 356-357 (7th Cir. 1983).

**B.     This Court lacks subject-matter jurisdiction to hear this matter against the Board, UIC, UIC Police, and Officer Lubin because only the Illinois Court of Claims can hear matters against the State of Illinois, its employees, and its instrumentalities.**

The laws of the State of Illinois and the Eleventh Amendment of the United States Constitution clearly set forth that the State of Illinois cannot be named as a defendant in a civil action unless it consents to such jurisdiction or Congress abrogates the sovereign immunity afforded to every state in the union. *See* U.S. Const. amend. XI ("The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."); 745 ILCS 5/1 ("Except as provided for in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court."). With limited exceptions, the State of Illinois only consents to jurisdiction before the Illinois Court of Claims. *See* 705 ILCS 505/8(d) (The Illinois Court of Claims "shall have exclusive jurisdiction to hear and determine… [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit,

4

and all like claims sounding in tort against … the Board of Trustees of the University of Illinois.").

State sovereign immunity rules apply to state law actions brought in federal court. *See Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1056 (N. D. Ill. 2008). The Board is an "instrumentality of the state and [therefore] protected by the doctrine of sovereign immunity." *Harvis*, 744 F. Supp. at 827, citing to *Cannon v. University of Health Sciences*, 710 F.2d 351, 356 (7th Cir. 1983); *Tanner v. Board of Trustees of the University of Illinois*, 363 N.E.2d 208, 210, 48 Ill. App. 3d 680 (4th Dist. 1977). Here, Officer Lubin is an employee of the University of Illinois. First Amended Complaint, ¶ 8, 10. UIC and UIC Police are not legal entities that can be sued and they are part of the University of Illinois. Accordingly, this Court does not have jurisdiction over Plaintiff's claims which seek to hold the State of Illinois liable for the Defendants' alleged actions.

  **1. Counts I and II of Plaintiff's First Amended Complaint against Officer Lubin are claims against the State of Illinois and, therefore, must be heard in the Illinois Court of Claims.**

The University of Illinois Act provides for the appointment of police officers to the University of Illinois Police Department. *See* 110 ILCS 305/7(a). Police officers of the University of Illinois Police Department have the same powers as police officers employed by cities, including the power to arrest a citizen, "except that they may exercise such powers only in counties wherein the University and any of its branches or properties are located when such is required for the protection of university properties and interests, and its students and personnel." *Id.* Further, the Board has the "power to defend, indemnify, and hold harmless, in whole or in part, the University police … against civil suits, claims, damages, losses, and expenses arising out of statements, acts, or omissions in the discharge of their University duties." 110 ILCS 305/7a(b).

5

"Where an alleged act of misconduct arose out of the State employee's breach of a duty that is imposed *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in any court other than the Illinois Court of Claims." *Turpin v. Koropchak*, 567 F.3d 880, 882 (7th Cir. 2009) (emphasis in the original) (internal citation omitted). The United States Supreme Court stated that: "The rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Harvis*, 744 F. Supp. at 827. An action for damages against an officer, agent, or employee of the State of Illinois is actually an action for the payment of State of Illinois funds, and accordingly barred by the Eleventh Amendment and principles of sovereign immunity. *See Harvis*, 744 F. Supp. at 829.

While Plaintiff purports to sue Officer Lubin in his individual capacity, Plaintiff also alleges that "on the night in question" Officer Lubin was a "duly appointed and sworn UIC Police officer" and he was "acting in the course and scope of his employment." First Amended Complaint, ¶¶ 8. The University of Illinois Act expressly provides for indemnification of employees of the University of Illinois, including its police officers. *See* 110 ILCS 305/7a(b). Therefore, Plaintiff's First Amended Complaint is essentially an action against the State of Illinois. *See Harvis*, 744 F. Supp. at 830 (where specific allegations that individual defendant was acting in the scope of his employment tended to show that the action was against the State of Illinois). Plaintiff seeks to hold the State of Illinois liable for Officer Lubin's actions by naming Officer Lubin personally in this lawsuit. Although Plaintiff alleges that the force used by Officer Lubin "was outside the scope of his authority," Plaintiff fails to state when, how, or under who's authority Plaintiff used force that "was outside the scope of his authority." *See*

6

Complaint, ¶ 23. Therefore, Plaintiff fails to adequately or properly allege that Officer Lubin acted outside the scope of his employment as a UIC Police officer. Accordingly, Counts I and II of Plaintiff's First Amended Complaint against Officer Lubin are barred by the Eleventh Amendment of the United States Constitution.

> 2. **This Court must dismiss Counts I and II of Plaintiff's First Amended Complaint against The Board, UIC, and UIC Police.**

Plaintiff's claims in Counts I and II of the First Amended Complaint against the Board, UIC, and UIC Police are barred by Illinois state law and the United States Constitution. Plaintiff admits that Officer Lubin was an employee of the UIC Police "on the night in question." First Amended Complaint, ¶¶ 8. Yet, Plaintiff seeks to hold the Board, UIC, and UIC Police liable for the actions of Officer Lubin. First Amended Complaint, Docket No. 30. Defendant UIC is not a legal entity capable of being sued. *See Mutter v. Madigan*, 17 F. Supp. 3d 752, 758 (N.D. Ill. 2014) (finding that the plaintiffs state and federal claims against UIC are barred by the Eleventh Amendment). Defendant UIC Police is also not a legal entity capable of being sued because a police department is not a suable entity. *See Id* (where the court dismissed the UIC Police because a police department is not a suable entity). The proper legal entity of UIC and UIC Police is The Board of Trustees of the University of Illinois. *See supra*, p. 2. The Board of Trustees of the University of Illinois is an instrumentality of the State of Illinois. *Harvis*, 744 F. Supp. at 827, citing to *Cannon v. University of Health Sciences*, 710 F.2d 351, 356 (7th Cir. 1983); *Tanner v. Board of Trustees of the University of Illinois*, 363 N.E.2d 208, 210, 48 Ill. App. 3d 680 (4th Dist. 1977). Any action against The Board is an action against the State of Illinois and is barred by the doctrine of sovereign immunity. *Id.*

Plaintiff seeks to circumvent well settled constitutional and state law by naming The Board in his First Amended Complaint. The Board is a state actor, and forcing it to litigate

Plaintiff's federal and state law claims would violate the doctrine of sovereign immunity and its eleventh amendment rights. Also, Federal courts in Illinois routinely reject plaintiffs' requests to hear actions for damages sounding in state law tort claims against the State of Illinois and its employees. *See Turpin v. Koropchak*, 567 F.3d 880, 882-883 (7th Cir. 2009); *Magdziak v. Byrd*, 96 F.3d 1045, 1048-1049 (7th Cir. 1996); *Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1056 (N. D. Ill. 2008). The Illinois Court of Claims retains original exclusive jurisdiction over Plaintiff's claims for damages in "cases sounding in tort, if a like cause of action would lie against a private person or a corporation in a civil suit." *See* 705 ILCS 505/8(d). Therefore, Plaintiff's request that the Board be held liable for Officer Lubin's alleged violations of state and federal laws cannot be granted by this Court. Accordingly, this Court should dismiss Plaintiff's federal and state law claims against the Board, UIC, and UIC Police.

### III. CONCLUSION

Plaintiff seeks to hold Officer Lubin, as well as the State of Illinois itself, through The Board of Trustees of the University of Illinois, liable for alleged violations of 42 U.S.C. § 1983 and Illinois law. The State of Illinois is protected from such lawsuits by the Eleventh Amendment and the principles of sovereign immunity. *See* U.S. Const. amend. XI; 745 ILCS 5/1 *et seq*. Moreover, the Illinois Court of Claims has original exclusive jurisdiction over all claims sounding in tort against The Board of Trustees of the University of Illinois. *See* 705 ILCS 505/8(d). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's allegations and Defendants respectfully request that this Court enter an order dismissing Counts I and II of Plaintiff's First Amended Complaint in their entirety.

WHEREFORE, for the reasons stated above, Defendants, The Board of Trustees of the University of Illinois, UIC, UIC Police, and Officer Lubin respectfully request that this Court

enter and Order granting their Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint with prejudice because this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: June 28, 2017

                Respectfully Submitted,

                By: /s/: Maurice Grant
                     Maurice Grant

                     Maurice Grant
                     Carlos Carabajal
                     GRANT LAW, LLC
                     230 West Monroe Street, Suite 240
                     Chicago, Illinois 60606
                     (312) 551-0111

                     Counsel for Defendants The Board of Trustees of the University of Illinois and Officer Daniel Lubin

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 28, 2017, he electronically filed the foregoing:

**Defendants' Memorandum In Support of Their Motion to Dismiss Plaintiff's First Amended Complaint** with the Court, a copy of which will be served on all counsel via the Court's CM/ECF System.

By: **/s/ *Maurice Grant*** 
 Maurice Grant

Maurice Grant
Carlos Carabajal
**GRANT LAW, LLC**
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
P: (312) 551-0111
F: (312) 551-0112