IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO FREEMAN,                        )
                                      )
       Plaintiff,                  )
                                      )
v.                                    )   No. 17 C 1776
                                      )
THE UNIVERSITY OF ILLINOIS AT         )
CHICAGO, et al.,                      )
                                      )
       Defendants.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted in part and denied in part.

## BACKGROUND

On March 6, 2016, Plaintiff Mario Freeman (Freeman) was allegedly a customer at a restaurant (Restaurant) in Chicago, Illinois. Freeman allegedly got in an argument with family members when leaving the Restaurant. Defendant Officer Lubin (Lubin), who is an officer with the University of Illinois at Chicago Police Department, allegedly responded to a call regarding an altercation occurring outside the Restaurant. Lubin allegedly observed Freeman walking away from the

1

Restaurant. Freeman claims that as Lubin approached him, he raised his arms in the air. According to Freeman, Lubin subdued Freeman with the assistance of two nearby security guards, Defendant Myleson Collins (Collins), and Defendant Richard McSwain (McSwain). Lubin, Collins, and McSwain allegedly threw Freeman on the ground, and struck, punched, kneed, and stepped on Freeman. Freeman includes in his amended complaint claims brought under 42 U.S.C. § 1983 (Section 1983) alleging that his constitutional rights were violated by the use of excessive force by Lubin (Count I), and assault and battery claims (Counts II-III). Defendant The Board of Trustees of the University of Illinois (Board), Defendant The University of Illinois at Chicago (UIC), Defendant The University of Illinois at Chicago Police Department (Police Department), and Lubin now move to dismiss the claims brought against them.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the

2

jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants move to dismiss based on sovereign immunity pursuant to Rule 12(b)(1). The court initially notes that a motion to dismiss based on sovereign immunity should be brought pursuant to Rule 12(b)(6) rather than Rule 12(b)(1). *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016)(explaining that "this circuit has clearly held that the question of sovereign immunity is not a jurisdictional one" and explaining that sovereign immunity is a waivable defense"); *Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015)(indicating that dismissal based on sovereign immunity "is for failure to state a claim for relief, . . . not lack of jurisdiction"). Regardless of which standard is applied, the result is the same in this instance.

## I. Claims Brought Against the UIC and Police Department

UIC Defendants move to dismiss the claims brought against UIC and the Police Department. UIC and the Police Department are merely subdivisions of the State of Illinois and are not suable entities. *See, e.g. Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004)(stating that "the Chicago Police Department is

not a suable entity separate from the City of Chicago"); *Slaughter v. Rutledge*, 2017 WL 4693966, at *2 n.1 (C.D. Ill. 2017)(stating that "the Peoria City Police Department" was "not a suable entity apart from the City of Peoria"); *McDaniels v. Smith*, 2017 WL 3891660, at *3 (E.D. Wis. 2017)(explaining that "the City of Oshkosh Police Department is not a suable entity"); *Muhammad v. Moore*, 2014 WL 11394916, at *4 (C.D. Ill. 2014)(indicating that the University of Illinois "is not a suable entity"); *Stoltey v. Clark*, 2006 WL 581027, at *2 (C.D. Ill. 2006)(indicating that the University of Illinois is not a suable defendant); *Williams v. Univ. of Illinois*, 945 F. Supp. 163, 165 (N.D. Ill. 1996)(stating that "[t]he University of Illinois Police Department . . . like virtually all city or local police departments" is not "a suable entity"). Therefore, UIC Defendants' motion to dismiss the claims brought against the Police Department and UIC is granted.

II. Claims Brought against Board and Lubin in his Official Capacity

UIC Defendants move to dismiss the claims brought against the Board and against Lubin in his official capacity. The claims are essentially one and the same since claims brought against state officials in their official capacity is "the equivalent of claims against the state. . . ." *Katz-Crank v. Haskett*, 843 F.3d 641, 646-47 (7th Cir. 2016). The Eleventh Amendment "guarantees that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Council 31 of the Am. Fed'n of State, Cty. & Mun.*

5

*Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012)(quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Board is deemed an instrumentality of the State of Illinois and is protected by the Eleventh Amendment. *See Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007)(indicating that the "Board of Trustees of the University of Illinois are state agencies with Eleventh Amendment immunity"); *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014)(stating that "state universities, as well as their governing bodies, are protected from suit under the Eleventh Amendment"). Freeman has not shown that the State of Illinois has consented to suit in this matter and he has not pointed to any statutory authority or case law which would authorize suit against the State of Illinois in this matter. Therefore, UIC Defendants' motion to dismiss the claims brought against the Board and Lubin in his official capacity is granted.

### III. Claims Brought Against Lubin in his Individual Capacity

UIC Defendants move to dismiss the claims brought against Lubin in his individual capacity. UIC Defendants argue that because Freeman alleges that Lubin was an agent of the State of Illinois and was acting within the scope of his employment, an individual capacity claim is essentially a claim brought against the State of Illinois. UIC Defendants also argue that such a claim would be precluded by the Eleventh Amendment because Lubin was sued in both his official and

6

individual capacities. Such claims, however, are entirely distinct. A claim brought against Lubin in his individual capacity is not the same claim as the official capacity claim, which is essentially brought against the State of Illinois. The Seventh Circuit has made clear that "[t]he Illinois doctrine of sovereign immunity does not apply to state-law claims against a state official or employee who has violated statutory or constitutional law." *Murphy v. Smith*, 844 F.3d 653, 655 (7th Cir. 2016). In this matter, Freeman alleges that Lubin personally violated his constitutional rights. Thus, the individual liability claim brought against Lubin is not barred by the Eleventh Amendment. *See Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014)(explaining that "*[t]o the extent* that [the plaintiff was] is suing [the defendant officer] *in his official capacity* as a state officer, damages are barred by the Eleventh Amendment")(emphasis added); *Lacour v. T. Duckworth*, 2017 WL 3313702, at *10 (S.D. Ill. 2017)(explaining that "[t]he Eleventh Amendment immunizes the State, its agencies, and its officials acting in their official capacities from a suit in federal court for money damages," but that "suits against state officials in their individual capacities are permissible").

UIC Defendants also argue that the State of Illinois will be indemnifying Lubin for damages and that the claim brought against him is thus a claim seeking to gain monies from the State of Illinois. However, the Seventh Circuit has made clear that "a state's decision to indemnify its employees does not transform a suit against individual defendants into a suit against the sovereign." *Benning v. Bd. of Regents*

*of Regency Universities*, 928 F.2d 775, 779 (7th Cir. 1991); *see also Taylor v. Wexford Health Sources, Inc.*, 2016 WL 3227310, at *7 (N.D. Ill. 2016)(stating that "[a]lthough the Eleventh Amendment bars suits for monetary relief against the State, suits against state officials in their individual capacities are permissible as long as the State is not the real, substantial party in interest")(internal quotations omitted)(quoting *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991)).

UIC Defendants also argue that the assault and battery claim brought against Lubin is one that is barred by the Illinois sovereign immunity statute and falls within the exclusive jurisdiction of the Illinois Court of Claims. The Illinois State Lawsuit Immunity Act, 745 ILCS 5/0.01 *et seq.* prevents the State of Illinois from being sued without a waiver. *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016)(citing 745 ILCS 5/1); *see also Hogle v. Baldwin*, 2017 WL 4125258, at *4 (C.D. Ill. 2017)(stating that the "Court of Claims Act vests exclusive jurisdiction in the Court of Claims in all actions 'against the State founded upon any law of the State of Illinois'")(quoting 705 ILCS 505/8(a)). The determination of "[w]hether the statute covers such state-law claims is a matter of state law." *Murphy*, 844 F.3d at 658. A claim brought against a state employee is deemed a claim brought against the state under the Illinois sovereign immunity statute when "there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public

generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State." *Id.* (internal quotations omitted)(quoting *Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990)). In the instant action, Freeman specifically alleges that Lubin engaged in wrongful conduct that was "outside the scope of his authority." (A Compl. Par. 23). Freeman can thus pursue his battery claim against Lubin in this case. Therefore, UIC Defendants' motion to dismiss the individual capacity claims brought against Lubin is denied.

## CONCLUSION

Based on the foregoing analysis, UIC Defendants' partial motion to dismiss is granted in part and denied in part. All claims brought against the Police Department, UIC, and the Board are dismissed. UIC Defendants' motion to dismiss the individual capacity claims brought against Lubin is denied.

						_____
						Samuel Der-Yeghiayan
						United States District Court Judge

Dated: January 29, 2018

9